**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TODD RICHARDSON,**<br>*Petitioner,*<br><br>v.<br><br>**COMMONWEALTH OF PENNSYLVANIA,** ***et al.,***<br>*Respondents.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 5:25-cv-03185-JDW** |

**MEMORANDUM**

Todd Richardson seeks relief from his conviction and sentence in Pennsylvania state court, but he didn't file this Petition in time. He also seeks to assert claims that he did not present to a state court. Magistrate Judge Scott Reid recommends that I deny Mr. Richardson's Petition as untimely, unexhausted, and procedurally defaulted. I agree with Judge Reid, and I will do so. Mr. Richardson's sole objection to Judge Reid's Report And Recommendation lacks merit, and I will overrule it.

## I. BACKGROUND

In April 2021, Mr. Richardson was sentenced in the Berks County Court Of Common Pleas to 5 ½ to 15 years' imprisonment. Mr. Richardson filed a post-sentence motion challenging the sufficiency and weight of the evidence and his sentence, which the trial court denied on April 28, 2021. Mr. Richardson did not file a direct appeal. On September 16, 2021, Mr. Richardson filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") claiming his trial counsel was ineffective for failing to file a direct appeal. The

PCRA Court denied the petition on June 29, 2022. Mr. Richardson appealed, and the Superior Court affirmed the PCRA Court's decision on March 27, 2023. On May 4, 2023, Mr. Richardson's counsel petitioned the Pennsylvania Supreme Court for leave to withdraw. On September 27, 2023, the Supreme Court remanded the withdrawal petition to the Berks County Court to resolve that petition and any related matters, including whether to permit Mr. Richardson to proceed *pro se* or whether to appoint new counsel. (*See* Docket Sheet in Case No. 52 MM 2023 (Pa. Super. Ct.).) The Berks County Court denied the Petition on November 2, 2023. The Pennsylvania Supreme Court denied Mr. Richardson's petition for allowance of appeal on July 9, 2024.

Mr. Richardson filed his first habeas petition on June 20, 2025—and an Amended Petition on July 23, 2025—raising ineffective assistance of trial counsel for: (1) failing to challenge the weight of the evidence leading to Mr. Richardson's conviction, and (2) failing to obtain impeachment evidence that proves Mr. Richardson's innocence. Judge Reid filed his R&R on March 30, 2026. He concluded that Mr. Richardson's claims are untimely, unexhausted, and procedurally defaulted.

Mr. Richardson objects to Judge Reid's conclusions. He argues that the Pennsylvania Supreme Court's remand of his case to address his counsel's withdrawal petition excuses his obligation to exhaust in state court because the state court "refused to address the Supreme Court Order, any of his pleas, or motion." (ECF No. 19 at ¶ 6.) No one has responded to his objection.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") declares that a writ of habeas corpus shall not be granted unless state adjudication resulted in a decision: (1) contrary to, or involving unreasonable application of, clearly established Federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d); *Bell v. Cone*, 535 U.S. 685, 693–94 (2002).

A writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing rule set forth in [United States Supreme Court] cases, or if [the state court] decides a case differently than [the United States Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. A writ may issue under the "unreasonable application" clause only where there is correct identification of a legal principle from the Supreme Court, but the state court "unreasonably applies it to the facts of the particular case." *Id.* This requires a petitioner to demonstrate that the state court applied the legal principle in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Moreover, state court factual determinations are given considerable deference under AEDPA. *Johns v. Capozza*, 2020 U.S. Dist. LEXIS 260155, 2020 WL 12602898 at *5 (E.D. Pa. Nov. 23, 2020). A decision in a state court, adjudicated on the merits and based on factual determinations, "will not be overturned on factual grounds unless objectively

unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## III. ANALYSIS

### A. Timeliness

Judge Reid correctly calculated the time for Mr. Richardson to file a timely petition under AEDPA, and I adopt his calculation. To the extent that Mr. Richardson argues that Juge Reid should have given him more time to account for the remand of the withdrawal petition, that argument lacks merit. Judge Reid excluded from his calculation the time from the filing of the PCRA Petition until the Supreme Court denied allowance of appeal. The time from which the Supreme Court remanded the withdrawal petition until the Berks County Court ruled on the petition all falls within the time that Judge Reid excluded. Thus, there's no need to adjust the calculation any further.

To the extent that Mr. Richardson argues that equitable tolling applies, he also has not made the required showing. A litigant seeking equitable tolling bears the burden of proving that (1) he pursued his rights diligently and (2) some extraordinary circumstance stood in the way of pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Richardson, however, has not shown that any extraordinary circumstance stood in the way of filing a timely habeas petition. He makes some reference to the Berks County Court not addressing his filings, but he offers no further explanation in either his Objection or his Amended Petition. Nor is there anything evident on the state court docket to support that

assertion. And, in any event, all that appears to have occurred before the Pennsylvania Supreme Court denied allowance of appeal, so it has no bearing on Mr. Richardson's ability to pursue his rights in a timely way in this Court. Mr. Richardson therefore has not shown any extraordinary circumstance to equitably toll the statute of limitations.

**B. Exhaustion/Procedural Default**

Before a federal court can consider the merits of a habeas claim, a petitioner must comply with the exhaustion requirement, 28 U.S.C. § 2254(b), giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Pennsylvania, this requires the claim to be presented, at minimum, to the Pennsylvania Superior Court. As Judge Reid noted in his R&R, Mr. Richardson only asserted one claim of error in his PCRA Petition: that his trial counsel was ineffective for failing to pursue a direct appeal. Yet Mr. Richardson now brings two claims of trial counsel ineffectiveness that were never considered by the Pennsylvania courts on direct or collateral appeal: (1) counsel failed to challenge the weight of the evidence leading to Mr. Richardson's conviction, and (2) counsel failed to obtain impeachment evidence proving Mr. Richardson's innocence. Thus, Judge Reid was right to conclude that the claims are unexhausted.

In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is

procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The procedural default doctrine prohibits a federal court from reviewing a habeas claim that was dismissed by the state court based on an independent and adequate state procedural rule. *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007). A procedural rule provides an independent and adequate basis for precluding federal review if: (1) the rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claim on the merits; and (3) their refusal is consistent with other decisions. *Id.* It is "independent" if it is separate from the federal question presented by the petitioner, and "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the default." *Szuchon v. Lehman*, 273 F.3d 299, 327 (3d Cir. 2001).

Pennsylvania law requires a petitioner to file a PCRA petition—including any second or successive petition—within one year after the date a defendant's judgment becomes final. 42 Pa. C.S.A. § 9545(b)(1). The PCRA statute of limitations, 42 Pa. C.S.A. § 9545, is an independent and adequate state rule for the purposes of finding procedural default. *See Bronshtein v. Horn*, 404 F.3d 700, 709 (3d Cir. 2005). It's too late for Mr. Richardson to assert those claims in a timely way now. Thus, as Judge Reid concluded, Mr. Richardson has procedurally defaulted those claims.

Mr. Richardson has not provided a basis to overcome these problems. A petition can only overcome procedural default if he can show (a) some cause for his failure to comply with state procedural rules and resulting prejudice, or (b) a fundamental

miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). A showing of cause demands that the petitioner establishes "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To the extent Mr. Richardson suggests that the Berks County Court did not address his submissions, I repeat that he has made no such showing, and the docket doesn't support it. He therefore hasn't shown cause. He also hasn't shown a fundamental miscarriage of justice because he has not offered the required strong evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

## IV. CONCLUSION

Judge Reid's R&R is correct in its conclusion that Mr. Richardson's claims are untimely, unexhausted, and procedurally defaulted. I will therefore overrule his objections and deny his Petition. In addition, I will not grant him a certificate of appealability because he has not demonstrated that reasonable jurists could disagree with this outcome. *See Miller-El*, 537 U.S. at 338. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 2, 2026